COMMONWEALTH of Pennsylvania, Appellee

v.

Jason GRZEGORZEWSKI, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 2, 2008.
Filed March 18, 2008.

5. We express no opinion on the merit of any of Appellant's contentions.

John R. Merrick, West Chester, for appellant.

Nicholas J. Casenta, Jr., Assistant District Attorney, West Chester, for Commonwealth, appellee.

BEFORE: STEVENS, KLEIN, and KELLY, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Chester County on March 23, 2007, following Appellant's conviction by a jury of unlawful use of a computer, identity theft, access device fraud, criminal attempt theft by deception, theft by unlawful taking or disposition, and receiving stolen property.[1] Herein, Appellant contends that the trial court erred in permitting testimony concerning his possession of a computer unrelated to the charges at issue. We affirm the judgment of sentence.

¶ 2 The trial court aptly summarized the facts of this case as follows:

On March 20, 2006, [Appellant] allegedly made four on-line purchases of computers in the names of and using the credit card account numbers of third parties who live in other states. These victims did not give their consent to [Appellant] to use their account information. On each of the orders, [Appellant] instructed the retailer to bill the third party, but ship the computer, under the third party's name, to an address in

Exton, Chester County, Pennsylvania. The address turned out to be a UPS store where [Appellant] maintained a post office box in the name of his company, JNC LLC. [Appellant's] name, however, was the only one on the leasing agreement with UPS authorized to receive mail at that store.

Alerted to the alleged fraud by Best-Buy.com on March 23, 2006, West Whiteland Township police officers staked out the UPS store on March 24, 2006 and observed [Appellant] pick up one of the computers he had ordered online and attempt to leave the store. The package was addressed to a David Bruno. Mr. Bruno lives in Illinois; he did not order a computer on March 20, 2006 nor did he authorize [Appellant] to do so for him. West Whiteland Township Detective Scott Pezick stopped [Appellant] as he was exiting the store with the package in his hands and asked [Appellant] if he would come to the police station for questioning. [Appellant] agreed and drove himself to the station in his own car.

When [Appellant] exited his car at the police station, Detective Pezick observed an open 'lap top' computer in the front passenger seat of [Appellant's] vehicle. [Appellant] turned this lap top over to Detective Pezick and Detective Pezick checked the serial number. The serial number of the open lap top computer observed on the front passenger seat of [Appellant's] car matched the serial number of a lap top reported stolen from a federal governmental agency in August of 2005. [Appellant] was subsequently questioned but not detained.

The police obtained two Court Orders in April 2006, the first on April 12, 2006

---

1. 18 Pa.C.S.A. §§ 7611(a)(1), 4120(a), 4106(a)(1), 901(a), 3921(a), and 3925(a) respectively.

to obtain from Verizon the records for the IP address used to purchase the Bruno package and the second on April 24, 2006 to get from Verizon the records relating to a phone number registered to the [Appellant] and used by him to access the IP address used in the Bruno purchase. He [The] second set of records was obtained on April 25, 2006. West Whiteland Township police filed a Criminal Complaint against [Appellant], with respect to the Bruno transaction only, on April 26, 2006 and arrested him six days later on May 2, 2006.

. . . .

[Appellant] was not criminally charged with respect to any of the four other computer transactions alleged to have occurred on March 20 and 21 of 2006 or with the theft of the stolen laptop found in his possession on March 24, 2006.

Trial Court Opinion filed 6/8/07 at 1–3 (footnote omitted).

¶ 3 Prior to trial, Appellant filed a motion *in limine,* seeking to exclude his prior convictions, evidence of his possession of the laptop, and attempts to make additional purchases of computers on the accounts of other third parties on or about the day of the Bruno purchase. The court granted his motion with respect to his prior convictions, but denied the motion as to the laptop and additional attempted purchases, thereby allowing the admission of such evidence.

¶ 4 Following a three-day trial that commenced on January 29, 2007, Appellant was convicted of the above-referenced offenses, and, on March 23, 2007, he was sentenced to an aggregate five (5) to fifteen (15) year term of imprisonment.

¶ 5 Appellant filed the present appeal, raising one question for review: "Whether the trial court erred by permitting testimony that Appellant was in possession of a computer that was reportedly stolen but completely unrelated to the charges?" Brief of Appellant at 3.[2] He argues that this evidence was highly prejudicial and caused the jury to be confused and misled. We find Appellant's claim to be without merit.

Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

*Commonwealth v. Drumheller,* 570 Pa. 117, 135, 808 A.2d 893, 904 (2002) (quotation marks and citation omitted).

It is axiomatic that evidence of prior crimes is not admissible for the sole purpose of demonstrating a criminal defendant's propensity to commit crimes. This rule is not without exception, however. Evidence may be admissible in certain circumstances where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character. It is well-established that reference to prior criminal activity of the accused may be introduced where relevant to some purpose other than demonstrating defendant's general criminal propensity. Thus, evidence of other crimes may be introduced to show

**2.** Pursuant to the court's order to do so, Appellant filed a statement of matters complained of on appeal, to which the court issued an opinion in accordance with Pa.R.A.P. 1925(a).

(1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme or plan; and (5) identity. *Commonwealth v. Melendez–Rodriguez,* 856 A.2d 1278, 1283 (Pa.Super.2004) (internal citations omitted). This evidence may be admitted, however, "only upon a showing that the probative value of the evidence outweighs its potential for prejudice." Pa.R.E. 404(b)(3).

¶ 6 Herein, during Appellant's counsel's opening statement to the jury, he stated the following in support of his position that someone else may have placed the computer order with BestBuy.com: "I mean we all have cell phones in this day and age probably. I think we have loaned our cell phones probably to other friends. Just because a call comes back that says that it's my phone doesn't necessarily mean that I made the call." N.T. 1/29/07 at 29–30. As noted by the Commonwealth:

> In asserting by analogy that someone else may have placed the internet order with David Bruno's credit card information, the defense essentially argued that [Appellant] had no knowledge that the laptop which he personally picked up had been purchased unlawfully, and that it was merely a mistake that he happened to receive that laptop at his UPS mailbox.

Brief of Commonwealth at 11.

¶ 7 The trial court opined that:

> The Commonwealth had to establish that [Appellant] possessed a stolen computer with the knowledge that it was stolen or at least with the belief that it probably had been stolen. 18 Pa.C.S.A. § 3925. Evidence that [Appellant] was in possession of another stolen computer ... is directly relevant to and probative of [Appellant's] state of mind with regard to the Bruno transaction.
>
> . . . .

Here, ... [a]t the time [Appellant] arrived at the police station to be questioned for computer theft, he had a stolen laptop on the front passenger's side seat of his car. As we discussed above, this evidence is helpful to the factfinder in assessing [Appellant's] state of mind because it tends to increase the likelihood that [Appellant] had knowledge of the fraudulent character of the Bruno transaction. This fact is directly relevant to [Appellant's] present charges because, as it provides a portal into [Appellant's] state of mind, it tends to increase the likelihood that [Appellant's] possession of the Bruno package, containing a stolen computer, was not an accident or innocent mistake. It makes it far more likely instead that [Appellant] ordered the Bruno package with the intent to deceive. It is also useful in assisting the finder of fact to identify the perpetrator of the instant frauds. Given that the laptop, which was allegedly part of a cache of computers stolen from the federal government, was allegedly pilfered upon delivery to a federal warehouse only seven months prior to the 'Bruno' transaction, [Appellant's] possession thereof tends to establish a common fraudulent scheme and plan to surreptitiously relieve rightful owners of their information technology. Finally, it is admissible as part of the *res gestae,* or natural development of the facts of this case. The police found [Appellant] in the possession of contraband nearly identical to that for which he was under investigation upon his arrival at the police station for questioning.

. . . .

We are satisfied that the limited prejudice to [Appellant] from the admission of this 'other acts' evidence is ... far outweighed by the probative force of the evidence. 'The probative value of evidence establishing knowledge or intent

is enhanced if the defendant claims innocent possession or claims to have been an innocent bystander.' Packel, Leonard & Poulin, Anne Bowen, *Pennsylvania Evidence*, § 404–9(a)(3) (West 1999). Possession of one stolen computer may possibly be explained away as a mistake or innocent error; possession of two stolen computers makes this explanation significantly less plausible.

Trial Court Opinion filed 6/8/07 at 6–8 (internal citations omitted).

¶ 8 We agree with the distinguished trial judge, Anthony Sarcione, that the challenged evidence shows intent, the absence of mistake or accident, and a common scheme or plan. Therefore, we find that the court did not err in permitting the evidence to be introduced at trial.[3]

¶ 9 Based on the foregoing, the judgment of sentence is affirmed.

¶ 10 Affirmed.

---

3. Moreover, as noted by the trial court, during the court's closing charge to the jury, it gave a cautionary instruction concerning evidence of the laptop recovered from Appellant's vehicle. The court advised the jury, *inter alia*, that:

> [T]his evidence is before you as well for a limited purpose, and that is for the purpose of tending to demonstrate or show intent, knowledge, absence of mistake and/or part of the natural development of the facts. Again, that's the limited purpose that it's

before you. It's not to be considered by you in any other way than for the purpose I just stated. You must not regard this evidence as showing that the [Appellant] is a person of bad character or criminal tendencies from which you might be inclined to infer guilt.

N.T. 1/31/07 at 324. In this regard, it is well-settled that a jury is presumed to follow the instructions given by the court. *Commonwealth v. Weaver*, 768 A.2d 331, 335 (Pa.Super.2001).