J-A01020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOMINICK BOOKER, | |
| Appellant | No. 2700 EDA 2016 |

Appeal from the Judgment of Sentence July 15, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0002555-2014

BEFORE:  LAZARUS, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JULY 23, 2018**

Appellant, Dominick Booker, appeals from the judgment of sentence imposed following his jury conviction of possessing an instrument of crime (PIC), aggravated assault, conspiracy, and violations of the Uniform Firearms Act (VUFA).  The trial court sentenced him to a term of not less than sixteen years nor more than fifty years of imprisonment in a state correctional institution.  Appellant challenges several evidentiary rulings, *inter alia*, but chiefly complains that he should get a new trial because his co-conspirator, Dwayne Warren, who pleaded guilty and testified against him, received a substantially shorter sentence.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

We derive the facts of the case from the trial court's opinion and our independent review of the record. (**See** Trial Court Opinion, 1/23/17, at 1-7). Appellant's conviction arises out of two related gunfights during a botched robbery of a drug dealer outside of the Sidekicks Sports Bar in the Kensington neighborhood of Northeast Philadelphia, on October 12, 2013.

That night, Appellant and his co-conspirator, Dwayne Warren, by plan, were waiting at the bar for their intended victim, identified only as a Hispanic drug dealer. When he arrived, the three went outside together. Appellant and Warren tried to rob the victim, but the robbery did not go as planned. The drug dealer apparently pulled out his own handgun and began firing. Both Appellant and Warren were shot; Appellant in the stomach, Warren in the hand.

Juan Rodriquez was working that night as a security guard at the bar. When he heard gunshots, he went over to investigate. The drug dealer approached him for help. Appellant shot at the drug dealer and Rodriquez. Rodriquez returned fire. The drug dealer fled.

Appellant and Warren also fled the area in Warren's red Pontiac Grand Prix, almost running over Rodriquez, who had to jump out of the way. Rodriquez fired back, shattering a car window. He then called the Philadelphia police and gave a description of the car. Police were dispatched to neighboring hospitals.

Police officers took Mr. Rodriquez to nearby St. Joseph's Hospital. There, the police found Appellant and Warren, and Warren's red Grand Prix with the driver's side window shot out as described in the radio dispatch, and confirmed by Rodriquez.

St. Joseph's Hospital staff decided that Appellant's wound required treatment at another hospital. Two of the officers accompanied Appellant in the ambulance, while he was being transported from St. Joseph's to Hahnemann Hospital. Officer Charles McLemore asked Appellant what happened. Appellant told the officer that he was the victim of a robbery at a Chinese store, but did not give a specific location for the store, or any additional details.

In June of 2015, Warren entered a guilty plea to attempted murder and related crimes arising out of this incident. He testified against Appellant at trial. Contemporaneous documentation strongly supports the finding that the Commonwealth made no promise as to sentencing in exchange for Warren's testimony. Warren did concede on cross-examination that he hoped that the sentencing court would look favorably on his cooperation.

Prior to trial, Appellant filed a motion *in limine* to allow cross-examination of Warren regarding a prior conviction for an armed robbery committed not quite ten years before this attempted robbery, on June 25, 2004. In that case Warren was convicted of robbery, and PIC. At sentencing, the Commonwealth withdrew numerous other charges, including VUFA.

In this case, the five-day jury trial began on March 2, 2016. In response to the motion *in limine*, the court permitted inquiry about Warren's "prior gunpoint robbery" but not about his PIC conviction. (Trial Ct. Op., at 9).

As previously noted, the jury convicted Appellant of PIC, aggravated assault, conspiracy, and VUFA. The trial court sentenced him to a term of not less than sixteen nor more than fifty years of imprisonment in a state correctional institution.

Separately, Warren received a sentence of not less than eleven and one-half, nor more than twenty-three months of incarceration followed by ten years of reporting probation. Appellant timely appealed.[1]

Appellant raises four issues in this appeal:

> 1. Did not the [trial] court abuse its discretion in denying [A]ppellant's motion to introduce evidence of Dwayne Warren's firearms conviction at trial, where such evidence was relevant to the defense theory that Mr. Warren was the shooter and it would not be unfairly prejudicial, confusing, or misleading?

> 2. Did not the [trial] court err in denying [A]ppellant's motion to suppress statements where the police subjected him to custodial interrogation by surrounding him and asking repeated questions to confirm their suspicions that he committed a crime while he was immobilized by medical necessity?

> 3. Did not the [trial] court err in denying [A]ppellant's motion for judgment of acquittal where the evidence against him is so unreliable and inconsistent to render the jury's verdict the product of mere speculation and conjecture?

---

[1] Appellant filed a statement of errors on September 23, 2016. The trial court filed its opinion on January 23, 2017. *See* Pa.R.A.P. 1925.

4. Did not the [trial] court abuse its discretion in denying [A]ppellant's motion for a new trial where [A]ppellant learned that, after his testimony in the instant matter, the Commonwealth's star witness received a county sentence when he would otherwise have been subjected to a second-strike mandatory minimum sentence because the Commonwealth waived the mandatory minimum at sentencing?

(Appellant's Brief, at 4-5).

Appellant's first issue challenges the trial court's exclusion of some evidence of a prior crime by his co-conspirator.

When reviewing a claim concerning the admissibility of evidence, and specifically evidence of other crimes or bad acts by a defendant, we note:

> The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevant and probative value of the evidence against the prejudicial impact of that evidence. Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact. Although a court may find that evidence is relevant, the court may nevertheless conclude that such evidence is inadmissible on account of its prejudicial impact.

> An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Weakley*, 972 A.2d 1182, 1188 (Pa. Super. 2009),

*appeal denied sub nom.* *Commonwealth v. Selenski*, 986 A.2d 150 (Pa.

2009) (citations omitted).

> It is axiomatic that evidence of prior crimes is not admissible for the sole purpose of demonstrating a criminal defendant's propensity to commit crimes. This rule is not without exception, however. Evidence may be admissible in certain circumstances where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character. It is well-established that reference to prior criminal activity of the accused may be introduced where relevant to some purpose other than demonstrating defendant's general criminal propensity. Thus, evidence of other crimes may be introduced to show
>
>> (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme or plan; and (5) identity.
>
> *Commonwealth v. Melendez–Rodriguez,* 856 A.2d 1278, 1283 (Pa. Super. 2004) (internal citations omitted). This evidence may be admitted, however, "only upon a showing that the probative value of the evidence outweighs its potential for prejudice." Pa. R. E. 404(b)(3).

*Commonwealth v. Grzegorzewski*, 945 A.2d 237, 239–40 (Pa. Super.

2008), *appeal denied*, 954 A.2d 575 (Pa. 2008).

> The evidence may also be admissible to impeach the credibility of a testifying defendant; to show that the defendant has used the prior bad acts to threaten the victim; and in situations where the bad acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development. In order for evidence of prior bad acts to be admissible as evidence of motive, the prior bad acts must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances.

*Commonwealth v. Reid*, 811 A.2d 530, 550 (Pa. 2002), *cert. denied*, 540

U.S. 850 (2003) (citation omitted).

Here, Appellant does not allege, let alone prove, Warren's prior conviction for PIC almost ten years earlier would establish evidence of motive, intent, absence of mistake or accident, a common scheme or plan, or identity in the armed robbery at issue here. Appellant does not assert that the crimes at issue grew out of or in any other way were caused by the prior set of facts and circumstances. Nor does he establish any of the other exceptions.

Instead, Appellant presents a pure example of propensity evidence of the simplest sort: one crime almost ten years before the fact, in unrelated circumstances, is supposed to show propensity to commit the crimes at issue in the instant case, specifically, which of the two co-conspirators (rather gratuitously assuming it could only be one), used a firearm.

The trial court properly exercised its discretion when it denied the motion *in limine*, to the extent it excluded cross-examination of Warren about the previous PIC conviction.[2] Appellant's first issue does not merit relief.

_____

[2] Appellant argues his motion *in limine* should have been granted because the evidence of a prior conviction for VUFA was "probative" of whether co-conspirator Warren (not Appellant Booker) was the assailant in this case. (Appellant's Brief, at 20). Appellant does not develop an argument that the prior convictions were admissible as *crimen falsi*, or that the convictions for VUFA and PIC involved offenses involving dishonesty or false statement. (**See** Appellant's Brief, at 20-23; **see also** Pa.R.E. 404(b). The trial court did cite and discuss Rule 404(b). (**See** Trial Ct. Op., at 8). As correctly noted by the Commonwealth, Appellant's argument on appeal challenging the exclusion of Warren's VUFA conviction differs from the issue raised in his Statement of Errors, which challenged the exclusion of his PIC conviction. (**See** Commonwealth's Brief, at 10; Appellant's Statement of Errors, at unnumbered page 2, ¶ 6(a)). The trial court permitted reference to Warren's "prior

In his second issue, Appellant challenges the denial of his motion to suppress the statements he made to Officer McLemore. He claims he should have received **Miranda** warnings.[3] The trial court found this claim to be without merit. We agree.

Appellant argues that the trial court should have granted his motion to suppress because "numerous police officers surrounded" him and questioned him in the back of an ambulance without providing him **Miranda** warnings. (Appellant's Brief, at 24 (unnecessary capitalization omitted); **see also id.** at 24-28). Appellant's claim does not merit relief.

In pertinent part, **Miranda** provides that:

> [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. **By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way**.

**Miranda**, **supra** at 444 (emphasis added) (footnote omitted).

---

gunpoint robbery." (Trial Ct. Op., at 9). Robbery is a *crimen falsi* offense. (**See Commonwealth v. May**, 898 A.2d 559, 569 (Pa. 2006), *cert. denied*, 549 U.S. 1022 (2006)). Convictions for PIC and VUFA, not involving dishonesty or false statement, generally are not. **See** Pa.R.E. 609; **see also Allen v. Kaplan**, 653 A.2d 1249, 1252-53 (Pa. Super. 1995). However, it bears noting that here all three of the prior convictions at issue (robbery, PIC, VUFA) involved the same single incident, even though it appears that the conviction for VUFA was withdrawn at sentencing. We further note that the jury in this appeal convicted Appellant despite the evidence it heard of Warren's prior conviction for gunpoint robbery.

[3] **See Miranda v. Arizona**, 384 U.S. 436 (1966).

- 8 -

Here, there was no custodial interrogation. Appellant had been shot in the stomach, was receiving emergency medical treatment, and, by his own account, "barely clung to life." (Appellant's Brief, at 28).

As the trial court aptly observes, "[T]he only restraints upon Appellant's freedom were those caused by his medical condition, as opposed to any action on the part of the police." (Trial Ct. Op., at 11).

Pertinent authority supports the trial court's conclusion. **See Commonwealth v. Johnson**, 727 A.2d 1089, 1099 (Pa. 1999), *cert. denied*, 528 U.S. 1163 (2000) (in totality of circumstances, no basis to suppress voluntary statement from appellant given while in ambulance *en route* to hospital for gunshot wound to stomach); **see also Commonwealth v. Fento**, 526 A.2d 784, 787 (Pa. Super. 1987), *appeal denied*, 538 A.2d 875 (Pa. 1988) (finding no custodial interrogation where trooper interviewed driver in hospital as part of routine accident investigation).

Appellant's claim that the police suspected him does not establish custodial interrogation, or require **Miranda** warnings. "The fact that a police investigation has focused on a particular individual does **not** automatically trigger 'custody,' thus requiring **Miranda** warnings." **Commonwealth v. Mannion**, 725 A.2d 196, 200 (Pa. Super. 1999) (emphasis in original) (citing **Fento**, **supra** at 787). The trial court properly denied suppression. Appellant's second issue does not merit relief.

Appellant's third claim assigns error to the trial court's denial of his motion for acquittal, asserting that the evidence against him was "so unreliable and inconsistent to render the jury's verdict the product of mere speculation and conjecture[.]"  (Appellant's Brief, at 4).  Appellant concedes that questions of witness credibility are left to the factfinder, but maintains nevertheless that Warren's testimony was unreliable.  (*See id.* at 28-31).  Appellant's argument merits no relief.

Preliminarily, Appellant's argument confuses and misapplies our standard of review for the sufficiency of the evidence with the standard of review for a challenge to the weight of the evidence.  As aptly noted by the Commonwealth, Appellant's argument is really a weight claim framed as a sufficiency claim.  (*See* Commonwealth's Brief, at 32-34).

> A true "weight of the evidence" claim contends the verdict is a product of **speculation or conjecture**.  Such a claim requires a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice.  A decision regarding the weight of the evidence is within the sound discretion of the trial judge whose decision will not be reversed on appeal absent an abuse of that discretion.

*Commonwealth v. Beckwith*, 674 A.2d 276, 281 (Pa. Super. 1996) (emphasis added) (citations omitted).

A challenge to the weight of the evidence must generally be preserved by a motion for a new trial.  *See* Pa.R.Crim.P. 607.  The Rule provides:

**Rule 607. Challenges to the Weight of the Evidence**

- 10 -

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;
> >
> > (2) by written motion at any time before sentencing; or
> >
> > (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).

"As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa. Super. 2004), *appeal denied,* 581 Pa. 672, 863 A.2d 1143 (2004).

A claim challenging the weight of the evidence generally **cannot be raised for the first time in a Rule 1925(b) statement**. ***See Commonwealth v. Burkett***, 830 A.2d 1034, 1037 (Pa. Super. 2003). An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim, even if the trial court responds to the claim in its Rule 1925(a) opinion. ***See id.***

Here, on the record before us, Appellant failed to challenge the weight of the evidence before the trial court in a motion for a new trial. ***See*** Pa.R.Crim.P. 607. Rather, he raised his weight claim for the first time in his

Rule 1925(b) statement. *See Burkett, supra* at 1037. As such, his weight issue on appeal is waived. *See Gillard, supra* at 1277.[4]

Furthermore, we note that the trial court did review the weight of the evidence and concluded that the verdict of the jury did not shock one's sense of justice. (*See* Trial Ct. Op., at 20-23). On independent review, we discern no basis on which to disturb the conclusion of the trial court. Appellant's weight claim is waived and would not merit relief.

Appellant's implicit challenge to sufficiency of the evidence, requesting a judgment of acquittal, would fare no better. When examining a challenge to the sufficiency of evidence, our standard of review is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the

---

[4] Moreover, Appellant's Rule 1925(b) statement of errors contains only a boilerplate challenge to the weight of the evidence. (*See* Statement of Errors, 9/23/16, at ¶ 6(e)(2)). It would be waived for that reason as well. *See Commonwealth v. Seibert*, 799 A.2d 54, 62 (Pa. Super. 2002).

[trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011), *appeal denied,* 32 A.3d 1275 (Pa. 2011) (citation omitted).

In this appeal, Appellant fails to develop an independent argument for insufficiency, relying instead on his challenge to Warren's credibility. He does not particularize his claim for any specific conviction, and he disregards the proper standard of review. Accordingly, Appellant's sufficiency claim is waived.

Moreover, the trial court reviewed Appellant's challenge to the sufficiency of the evidence and found no basis to disturb the verdict of the jury. (*See* Trial Ct. Op., at 11-15).

On independent review, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences, we would conclude that the evidence was sufficient for all convictions. Appellant's third challenge is waived and would merit no relief.

On his fourth and final claim, Appellant claims he is entitled to a new trial on the basis of after-discovered evidence. We disagree.

After-discovered evidence is the basis for a new trial when it: 1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of trial by the exercise of reasonable diligence; 2) is not merely corroborative or cumulative; 3) will not be used solely for impeaching the credibility of a witness; and 4) is of such nature and character that a new verdict will likely result if a new trial is granted. Further, the proposed new evidence must be "producible and admissible."

- 13 -

***Commonwealth v. Chamberlain***, 30 A.3d 381, 414 (Pa. 2011), *cert. denied*, 566 U.S. 986 (2012) (citations omitted).

Here, Appellant's "new evidence" is the more lenient sentence imposed on Warren. (***See*** Appellant's Brief, at 32-35). In his argument, Appellant denies that the "after-discovered evidence," of Warren's lighter sentence would be used solely to impeach his credibility. He maintains the evidence would also show "bias" and "motive to lie." (***Id.*** at 34). Appellant's argument fails.

> Impeachment evidence is evidence which is presented as a means of attacking the witness' credibility. Leonard Packel & Anne Poulin, **Pennsylvania Evidence** § 608 (1987). There are several principal ways to attack a witness' credibility: evidence offered to attack the character of a witness for truthfulness, evidence offered to attack the witness' credibility by proving bias, interest, or corruption, evidence offered to prove defects in the witness' perception or recollection, and evidence offered to contradict the witness' testimony.

***Commonwealth v. Palo***, 24 A.3d 1050, 1055–56 (Pa. Super. 2011), *appeal denied*, 34 A.3d 828 (Pa. 2011) (case citation and internal quotation marks omitted).

Showing bias and motive to lie are simply different methods of attacking the credibility of a witness, that is, other ways to impeach. Here, Appellant fails to establish that the purported after-discovered evidence would be used for any purpose other than to impeach. Furthermore, it would merely be corroborative of trial testimony which extensively examined Warren's motive to present testimony favorable to the Commonwealth. Finally, contrary to

Appellant's claim, there is no objective basis to conclude that further cross-examination of Warren's motive to testify, already heard and considered by the jury, would "likely result" in a new verdict. (Appellant's Brief, at 34). Appellant's fourth issue does not merit relief.

Although our reasoning differs somewhat from that of the trial court, we may affirm if the order below is correct for any reason. *See Commonwealth v. Allsup*, 392 A.2d 1309, 1311 (Pa. 1978).

Judgment of sentence affirmed.

Judge Ott joins the Memorandum.

Judge Lazarus files a Concurring Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/18