J-S31007-25

2025 PA Super 261

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
RASHEED ROBINSON :
:
Appellant : No. 276 EDA 2025

Appeal from the Judgment of Sentence Entered December 9, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000332-2024

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

OPINION BY PANELLA, P.J.E.: **FILED NOVEMBER 17, 2025**

Rasheed Robinson appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after his conviction of first-degree murder, carrying a firearm without a license, carrying a firearm on the streets of Philadelphia, and possession of an instrument of crime, for the murder of Deja Monae Lewis.[1] Robinson asserts that the trial court abused its discretion in admitting evidence under Pennsylvania Rule of Evidence 404(b) and he challenges the sufficiency and weight of the evidence. After careful review, we affirm.

We discern the following facts from the certified record. Robinson was wanted for the August 8, 2021 killing of Bennet "Bennie" Drake, Lewis's

---

[1] 18 Pa.C.S.A. § 2502(a), 18 Pa.C.S.A. § 6106(a)(1), 18 Pa.C.S.A. § 6108, and 18 Pa.C.S.A. § 907(a), respectively.

stepfather. Prior to his murder, Drake and Lewis's mother, Angela Shields, went over to Lewis's apartment to intervene in an argument between Robinson and Lewis. At the time, Robinson and Lewis were in a romantic relationship. During the argument, Robinson pulled out a gun and shot and killed Drake. Lewis and her mother made statements to law enforcement about what they witnessed. An arrest warrant was issued for Robinson for Drake's murder, but Robinson managed to evade law enforcement for over a year.

The instant appeal concerns the murder of Lewis. A month before Lewis's murder, when Robinson and Lewis were no longer in a romantic relationship, Robinson stated in a text message to "Bey" that Lewis was a "rat" and that he desired to get Lewis to change her story about Drake's murder. On October 7, 2022, between midnight and 4:00 a.m., Robinson called Lewis 49 times, 24 of which went to voicemail. The last cell phone communication between them was an outgoing call from Lewis to Robinson at 4:22 a.m. that lasted for five seconds. Additionally, cellular tower data placed Robinson in the area of Lewis's apartment at that time.

Shields was expecting to hear from and see her daughter on October 7, 2022. When she did not hear from Lewis, she suspected that something was wrong. Shields's son and Lewis's eldest brother Haleem agreed to go check on Lewis. Around 10:30 a.m. on October 8, 2022, Haleem went to Lewis's apartment. While Facetiming Shields, Haleem found Lewis's apartment door open and her body lying on the kitchen floor.

On October 8, 2022, Philadelphia police responded to 2037 Napfle Avenue, finding the body of Deja Lewis on the kitchen floor, suffering from gunshot wounds of the abdomen, chest and thigh. Ms. Lewis was pronounced [dead] at 11:40 a.m. Mr. Robinson was arrested on October 11th at 232 Court Avenue in Upper Darby. At the time of his arrest, police recovered an iPhone and semiautomatic pistol from the ground outside the bedroom window where he was apprehended. The fired cartridge casings [from the crime scene] were compared with the recovered handgun and found to be a match.

Trial Court Opinion, 2/11/25, at 3.

Robinson was charged with the first-degree murder of Lewis, carrying a firearm without a license, carrying a firearm on the streets of Philadelphia, and possession of an instrument of crime. Prior to trial, the Commonwealth, over Robinson's objection, filed a motion in limine to introduce evidence of Robinson's involvement in Drake's killing.[2] The trial court granted the motion and ruled that such evidence was admissible as evidence of motive and res gestae.

Robinson's trial commenced on December 3, 2024. He was convicted of all charges and sentenced to a mandatory life sentence. He filed a post-sentence motion challenging, *inter alia*, the weight of the evidence, which the trial court denied. Robinson timely appealed. Robinson filed a court ordered

_____

[2] At the time of trial Robinson was being prosecuted in Delaware County for Drake's murder but had not yet stood trial. On March 7, 2025, Robinson was convicted of the third-degree murder of Drake. Robinson's appeal in that case is currently pending before this Court. **See** Docket No. 2196 EDA 2025.

concise statement of errors complained of on appeal and the trial court filed an opinion in support of its ruling.[3] *See* Pa.R.A.P. 1925(a)-(b).

On appeal, Robinson raises the following issues.

[1.] Whether the court abused its discretion when it granted the Commonwealth's P[a].R.E. 404(b)(1)(2) Motion to admit into evidence the alleged prior homicide of Mr. Bennie Drake who was killed in Delaware County, PA 08/08/2021, all causing undue prejudice to [Robinson], and preventing him from having a fair and unbiased trial.

[2.] Whether the verdict was against the sufficiency of the evidence when there was no eyewitness or forensic evidence linking [Robinson] to the homicide of Ms. Deja Monae Lewis.

[3.] Whether the verdict was against the weight of the evidence, which would shock the consciousness of mankind, when the crime scene, Philadelphia, was void of [Robinson's] latent fingerprints, DNA, neighbors' video, or eyewitness account of the homicide of Ms. Deja Monae Lewis, and the recovered handgun in Delaware County, PA did not have [Robinson's] latent prints or DNA.

[4.] Whether the circumstantial evidence of the homicide of Ms. Deja Monae Lewis rose to the level [of] proof beyond a reasonable doubt to convict [Robinson].

Appellant's Brief at 5.

Robinson's first issue implicates the admissibility of evidence under Pennsylvania Rule of Evidence 404(b). "The admissibility or exclusion of evidence are subject to the abuse-of-discretion standard of review." *Commonwealth v. Nabried*, 327 A.3d 315, 321 (Pa. Super. 2024) (citation omitted). "The trial court abuses its discretion only if it misapplies the law, or

---

[3] We commend the trial court for aiding our review with its thorough opinion that includes citations to the trial testimony.

- 4 -

its exercise of judgment is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will." ***Id.*** (citation omitted).

Robinson argues, without much elaboration, that evidence of him shooting and killing Drake was unduly prejudicial because the evidence in the case was only circumstantial and such evidence biased the jury against him.[4] Appellant's Brief, at 15. The Commonwealth argues, and the trial court reasoned, that such evidence was admissible to show motive and the story of the case and any prejudice to Robinson was cured by the trial court's limiting jury instruction. Appellee's Brief, at 12-16; Trial Court Opinion, 2/11/25, at 12-17. We agree.

"It is axiomatic that evidence of prior crimes is not admissible for the sole purpose of demonstrating a criminal defendant's propensity to commit crimes." ***Commonwealth v. Grzegorzewski***, 945 A.2d 237, 239 (Pa. Super. 2008) (citation omitted). However, under Rule 404(b), when offered for a legitimate purpose, prior bad acts evidence may be admissible "if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2). "Unfair prejudice means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of

---

[4] In his brief, Robinson only argues that the trial court abused its discretion in granting the Commonwealth's 404(b) motion because the admitted evidence was unduly prejudicial. ***See*** Appellant's Brief, at 13-15. He does not contest the purpose, motive and res gestae, for which the evidence was admitted. ***See id.*** Thus, we only address whether such evidence was unduly prejudicial.

weighing the evidence impartially." ***Commonwealth v. Carter***, 320 A.3d 140, 148 (Pa. Super. 2024) (citation omitted).

> Evidence will not be prohibited merely because it is harmful to the defendant. This Court has stated that it is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged. Moreover, we have upheld the admission of other crimes evidence, when relevant, even where the details of the other crime were extremely grotesque and highly prejudicial.

***Commonwealth v. Dillon***, 925 A.2d 131, 141 (Pa. 2007) (internal quotation marks and citations omitted). "Exclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based on something other than the legal propositions relevant to the case." ***Commonwealth v. Conte***, 198 A.3d 1169, 1180-81 (Pa. Super. 2018) (citation and brackets omitted).

"When such evidence is admitted, however, the defendant is entitled upon request to a jury instruction explaining to the jury that the specific evidence is only admissible for one or more of the above-described limited purposes." ***Commonwealth v. Tedford***, 960 A.2d 1, 37 (Pa. 2008) (citation omitted). "[W]hen examining the potential for undue prejudice, a cautionary jury instruction may ameliorate the prejudicial effect of the proffered evidence." ***Commonwealth v. Hairston***, 84 A.3d 657, 666 (Pa. 2014) (citations omitted). "The jury is presumed to follow the court's instructions." ***Commonwealth v. Anderson***, 327 A.3d 273, 285 (Pa. Super. 2024) (citation omitted).

After Shields testified about Robinson shooting Drake, the trial court gave a limiting instruction that such evidence can only be used to show motive and provide a complete story and context for the crimes. *See* N.T., 12/4/24, at 149-50. The trial court again instructed the jury before deliberations. *See* N.T., 12/6/24, at 167-69. When considered for the purposes that the trial court instructed the jury, evidence that Robinson shot and killed Drake was highly probative of Robinson shooting and killing Lewis, and any prejudice to Robinson was ameliorated by the trial court's instruction to the jury. Therefore, the trial court did not abuse its discretion in granting the Commonwealth's Rule 404(b) motion and allowing evidence that Robinson shot and killed Drake. Robinson's argument to the contrary is without merit.

Robinson's second issue challenges the sufficiency of the evidence.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Devine*, 26 A.3d 1139, 1145 (Pa. Super. 2011) (citation and brackets omitted).

Robinson does not specify which offense or for which specific element there was insufficient evidence. *See* Appellant's Brief, at 16-18. He argues that the evidence was insufficient because there was no direct evidence, such as video recordings, eyewitnesses, and DNA evidence, that placed him at Lewis's apartment when she was killed. *See id.*

We agree with the Commonwealth that Robinson's failure to specify which element of which offense lacked sufficient evidence results in waiver of his sufficiency challenge. *See Commonwealth v. LeClair*, 236 A.3d 71, 76 (Pa. Super. 2020). Nevertheless, even if his sufficiency challenge were not waived, his argument that there was insufficient evidence to place Robinson at Lewis's apartment at the time she was killed is without merit.

The Commonwealth presented ample evidence for the jury to infer that Robinson was at Lewis's apartment at the time she was killed. The Commonwealth presented testimony from an investigating detective and an expert in the field of cellular analysis that between shortly after midnight to around 4:00 a.m. on October 7, 2022, Robinson called Lewis 49 times, and the last communication was an outgoing call from Lewis to Robinson at 4:22 a.m. that lasted for about five seconds. *See* N.T., 12/5/24, at 61-64; N.T., 12/6/24, at 31-44. At 2:01 a.m. Robinson's cell phone was utilizing a cellular tower near Lewis's apartment placing Robinson in the area. N.T., 12/6/24, at

44. The Commonwealth presented two pieces of evidence from which it could be inferred that Lewis knew her killer: there were no signs of forced entry and Lewis was wearing only underwear and a t-shirt. N.T., 12/4/24, at 67; N.T., 12/3/24, at 214-15. Further, the timing of Robinson's presence at Lewis's apartment coincided with the medical examiner's conclusion that Lewis had been deceased for one to one and a half days at the time of her autopsy on October 8, 2022. N.T., 12/3/24, at 205-06. Lastly, ballistics evidence recovered at the crime scene matched the firearm found at Robinson's aunt's house where he was apprehended. N.T., 12/5/24, at 50, 59. This evidence, viewed in the light most favorable to the Commonwealth, was sufficient for the jury to conclude that Robinson was the perpetrator. Thus, Robinson's sufficiency challenge fails.

Robinson's third issue challenges the weight of the evidence.

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Arias***, 286 A.3d 341, 352 (Pa. Super. 2022) (citation omitted). "To successfully challenge the weight of the evidence, a defendant

must prove the evidence is so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* (internal quotation marks and citation omitted).

Regarding the weight of the evidence, Robinson asserts the same argument he raised for his sufficiency claim. *See* Appellant's Brief, at 19-21. Further, his challenge to the weight of the evidence relies on the exclusion of evidence that he killed Drake. *See id.* at 19. As previously explained, the trial court did not abuse its discretion in allowing evidence of Robinson killing Drake and there was sufficient evidence for the jury to conclude that Robinson was at Lewis's apartment at the time she was killed and thus he was the perpetrator.

The trial court explained its reasoning for rejecting Robinson's weight of the evidence claim.

> [The trial] court applied the appropriate standards when reviewing [Robinson's] claim that the verdict was against the weight of the evidence. Having reviewed the entire record, including a thorough reading of the trial transcripts and admitted exhibits, [the trial] court concludes that the verdict was not so contrary to the evidence as to shock one's sense of justice, nor was it so tenuous, vague and uncertain that it shocks the conscience of the [trial] court. To the contrary, the evidence in this case was compelling and substantial, and strongly supported the verdict. Accordingly, [Robinson's] claim [. . .] is without merit.

Trial Court Opinion, 2/11/25, at 12.

Based on our review of the record, we conclude the trial court did not abuse its discretion in rejecting Robinson's challenge to the weight of the evidence. We may not reweigh the evidence and assess the credibility of

- 10 -

witnesses. *See Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015). Further, Robinson fails to identify anything in the record that would lead us to conclude that the evidence was "so tenuous, vague and uncertain that his conviction shocks the conscience of the court." *Arias*, 286 A.3d at 352. Accordingly, Robinson's weight challenge fails.

In Robinson's final issue he challenges the purported circumstantial nature of the evidence. His briefing on this issue comprises only two sentences. *See* Appellant's Brief, at 22 ("The Homicide of Ms. Deja Monae Lewis is not Direct evidence but rather a circumstantial evidence case. This is argued supra in Arguments 2 and 3."). Such inadequate briefing results in waiver. *See Commonwealth v. Wright*, 314 A.3d 515, 523 (Pa. Super. 2024). Further, his argument is completely meritless as it is well-established that the Commonwealth may wholly sustain its burden of proof with circumstantial evidence. *See Devine*, 26 A.3d at 1145. Accordingly, Robinson is not entitled to relief, and we affirm his judgment of sentence.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/17/2025

- 11 -